The Steamboat "WAR EAGLE," Plaintiff in Error, *vs.* ALONZO NUTTING, Defendant in Error.

A complaint set forth fully all the facts necessary to constitute a cause of action upon a claim against a steamboat, (under Chap. 86, Rev. Stat.) and also a special contract made with the Captain of the boat, in relation to the same cause of action.

*Held*, that if, upon the trial, the evidence was sufficient to prove the facts set forth in the complaint, constituting a cause of action, the allegation as to the special contract will be deemed surplusage; and no proof of such special contract will be necessary to maintain the action.

Alonzo Nutting, the Plaintiff below, commenced this action in the District Court for Ramsey County, to recover the value of certain baggage alleged to have been lost by the Steamboat "War Eagle." The complaint set forth facts sufficient to constitute a cause of action under Chapter 86 of the Revised

The Steamboat War Eagle v. Nutting.

Statutes, (concerning proceedings for the collection of demands against boats and vessels,) and in addition, set forth a *special* contract made with the Captain of the boat at Galena, for the delivery of the trunk at Saint Paul.

A Jury trial was waived by the parties, and the cause submitted to the Court. ·

The District Court found for the Plaintiff, and judgment was entered accordingly. The cause comes to this Court by Writ of Error.

The following are the points and authorities relied upon by the Plaintiff in Error:

*First.* That the Court erred in finding for the Plaintiff.

1. Because the complaint set up an express contract between the parties to carry the said trunk or baggage and there was no evidence of such contract.

2. Because no material issue was found by the evidence.

3. Because the facts found by the Court were insufficient in law to warrant a decision and judgment in favor of the Plaintiff.

4. Because the facts found by the Court were irrelavent, insufficient and at variance with the pleadings.

*Second.* That the Court erred in allowing the Plaintiff to recover the enhanced value of the articles at Saint Paul.

#### AUTHORITIES.

*Van Santvoord's Pleading*, 146, 147, 151, 154 *and* 160; *Glenny vs. Hitching's*, 4 *How. P. R.*, 88 ; *Baker vs. Russell*, 11 *Barb.*, 307; *Saunders' Pl. and Ev.*, 2 *Am. Ed.*, 1 *Vol.*, 379 ; *Revised Statutes, Sec.* 2, *p.* 337 ; 1 *Monell's Pr.*, 380 ; *Story on Contr.*, 6 ; *Rees vs. Lives*, 8 *Car. and Payne*, 126 ; *Selway vs. Fogg*, 5 *Mees and Welsh.*, 83.

The following are the points which were made upon the argument of the Defendant in Error in support of the judgment of the Court below.

*First.* There is no error in the record or proceedings of the Court below.

*Second.* The complaint does not set forth a *special* contract;

but only the ordinary *implied* contract of a common carrier of passengers.

*Third.* The evidence fully supports the complaint, and this Court will not presume the want of evidence to support any issue, when they have not the whole evidence before them.

*Fourth.* The answer admits that the boat was used and employed in the transportation of passengers, &c., for hire; that the Defendant in Error came a passenger upon her from Galena to Saint Paul, and paid his fare. The proof shows clearly the delivery of the baggage on board the boat at Galena, the subsequent demand and failure to deliver at Saint Paul, the articles composing the baggage and the value thereof; thus making a perfect case for the Plaintiff below.

*Fifth.* The violin and bow were properly held as baggage; they were articles of personal convenience to the Defendant in Error, not of merchandize, nor such as could subject the carrier to unsuual hazard.—*Pardee vs. Drew*, 25 *Wen.*, 459; *Hawkins vs. Hoffman*, 6 *Hill.*, 586 ; *Woods vs. Devier*, 13 *Ill.*, 746 ; *Jones vs. Voorhees*, 10 *Ohio*, 145.

*Sixth.* The rule adopted by the Court below in estimating the damages was clearly correct.—*Sedgewick on Measure of Damages*, (2 *Ed.*) *Chap*. 13.

*Seventh.* None of the decisions which appeared from the *finding* of his Honor, Judge Sherburne, to have been made upon the trial in the Court below, can be alleged for error in this Court. They form no part of the record proper, and could be reviewed in this Court only upon a bill of exceptions settled, &c., according to the practice of the Court, and attached to and certified with the record to this Court. The case is here as upon complaint and answer, a general verdict for the Plaintiff below, and judgment thereupon.—*Rule* 9 *of this Court*; *Rev. Stat.*, *p.* 416 ; *Hill vs. Stocking*, 6 *Hill.*, 289 ; 2*d Burr. Pr.*, (2*d Ed.*,) 159.

NOTE.—Vide authorities cited upon points of Plaintiff in Error. *Van Santvoord's Pl.*, 146, 147, 151, 154, 160; 4 *How. Pr. R.*, 98; 11 *Barb.*, *S. C. R.*, 307.

HOLLINSHEAD & BECKER, Counsel for Plaintiff in Error.

BRISBIN & BIGELOW, Counsel for Defendant in Error.

*By the Court*—WELSH, C. J.   This case comes before us by a Writ of Error to the District Court for the second District, County of Ramsey.

The Defendant in Error brought an action for the recovery of damages for the loss of baggage, while he was a passenger on board the steamboat War Eagle, Plaintiff in Error, from Galena to Saint Paul.

The complaint sets out that the boat was used in navigating the waters of the Territory of Minnesota, that it was used and employed in carrying passengers with their baggage, and goods, wares and merchandise upon the waters of the Fever and the Mississippi Rivers, for hire and reward, from the city of Galena, in the State of Illinois, to Saint Paul, in the Territory of Minnesota.   The complaint then goes on and alleges that one D. S. Harris was Captain and Master of said boat; that he, the said Harris, in consideration that the said Nutting would take passage upon the said steamboat and become a passenger thereon to be carried and conveyed thereon with his baggage from the city of Galena to the city of Saint Paul, for a reasonable hire and reward to be paid by the said Plaintiff to the said Master, undertook and promised the Plaintiff to carry and convey him, the said Plaintiff, with his baggage, upon the said steamboat from the city of Galena to the city of Saint Paul, and to deliver to him, the said Plaintiff, his said baggage in safety and good order, at Saint Paul, upon the arrival of the said boat at Saint Paul; and that confiding in said undertaking and promise, he took passage with his baggage, which the captain failed to deliver, &c.

The answer traverses either directly or by averring want of knowledge or information sufficient to form a belief, all of the allegations of the complaint, except that said Harris was Master, that she was used in carrying passengers and goods for hire, and on the Mississippi, &c.   A jury trial was waived, and the case was tried by the Court.   A judgment was rendered for the Plaintiff for $170 and costs.

From the decision of the Judge who tried the case, it appears that he found the facts true as stated in the complaint. It might, perhaps, be urged that this finding was definitive of the case, and did the finding stand alone, it would be so; but

it is evident that the Judge intended to be understood that the Plaintiff had proven facts entitling him to recover, rather than that he had proved all the allegations of his complaint. The decision details the evidence given, and from this it appears by the testimony of the Plaintiff that the Plaintiff called upon the Captain of the boat at Galena and requested a ticket for a passage to Saint Paul; that the Captain directed him to the Clerk of the boat, to whom he applied and of whom he purchased the ticket, for which he paid $7 00. That he gave his trunk in charge of the 'porter of the boat. That the Plaintiff went on board of the boat at Galena and came on the boat to Saint Paul : that he has repeatedly demanded his trunk of the officers of said boat, and they allege, it can not be found and have not delivered it to him, and that he has not received it. The witness also testifies as to the value of the baggage lost.

Various questions were raised on the trial, but it is unnecessary to notice them, as, upon [the argument ]it was admitted that the only question was, whether, under the pleadings the testimony warranted the judgment rendered.

The Plaintiff in Error contends that Plaintiff declares upon a special contract, and that the foregoing testimony does not support the complaint. The criticisms of counsel upon the complaint are, in the main, correct. Under our Statute, the pleadings must contain a statement of facts alone ; and when the pleadings are sworn to as in this case, the impropriety, to use a mild term, of swearing to a legal fiction is manifest.

But the question is whether the Plaintiff has proved enough to warrant a recovery ? He certainly has not proved all of the allegations set out in the complaint. He has, however, proved every allegation except the promise and undertaking of the Captain of the boat. He has proved enough to entitle him to recover; *Provided,* the complaint had omitted the special undertaking of the Captain. The complaint avers all that is necessary to entitle the Plaintiff to a recovery, and something more.

Now if the Plaintiff has proved all that is essential in the complaint, ought a failure to prove immaterial averments to preclude a recovery? Manifestly not. In this case all the averments in relation to the special undertaking of the master,

may be rejected as surplusage, and a failure to prove such matters should not prevent a recovery, if the facts proved sustain all the material parts of the complaint.

The judgment of the District Court is therefore affirmed.