SMITH v. PORT HURON GAS & ELECTRIC CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FRAUD.
   In a suit to set aside an agreement for compensation under the workmen's compensation act, on the ground of fraud, evidence *held*, sufficient to establish fraud.

2. SAME—DILIGENCE IN PROTECTING ONE'S INTERESTS.
   Where said fraudulent agreement was procured while plaintiff was still in a hospital and in no physical or mental condition to safeguard his rights, he was not guilty of negligence, and the rule that parties are held to some diligence in protecting their own interests has no application.

3. SAME—RESCISSION—LACHES—DELAY.
   Nor may he be held guilty of laches where it appeared that after he recovered sufficiently to understand the fraudulent nature of the agreement he refused to accept any compensation under it, but consulted an attorney, and negotiations for an amicable settlement, and an unsuccessful action at law account for the lapse of time.

Appeal from St. Clair; Law (Eugene F.), J.  Sub-

On right and extent of review of findings of industrial accident commission, see note in L. R. A. 1917D, 186.

mitted January 18, 1923.    (Docket No. 80.)    Decided March 22, 1923.

Bill by William A. Smith against the Port Huron Gas & Electric Company, the Mueller Metals Company, and the Travelers Insurance Company, to set aside an agreement under the workmen's compensation act. From a decree for plaintiff, defendant Port Huron Gas & Electric Company appeals.    Affirmed.

*P. H. Phillips* and *W. L. Jenks*, for appellant.

*Walsh & Walsh*, for plaintiff.

*Vandeveer & Foster*, for defendants Mueller Metals Company and Travelers Insurance Company.

McDonald, J.    This bill is filed for the purpose of procuring a decree setting aside a workmen's compensation agreement and the order of approval by the industrial accident board on the ground that the agreement was secured through mistake, fraud and misrepresentation.    The plaintiff is an electrician. On the 7th day of August, 1918, he was in the employ of the defendant Mueller Metals Company.    The Travelers Insurance Company was the insurer of the Mueller Metals Company.    Both the plaintiff and the Mueller Metals Company were under the compensation law.    On the 7th day of August, 1918, while in the course of his employment, the plaintiff was severely injured by coming in contact with an electrical switch installed by the defendant Port Huron Gas & Electric Company on the premises of the Mueller Metals Company.    Immediately after the accident the plaintiff was taken to the hospital where he remained for four weeks.    While he was still at the hospital, the Mueller Metals Company sent an automobile and had him brought to its office where he was induced to

sign a compensation agreement. He claims this agreement was fraudulently obtained and asks to have it set aside. The Mueller Metals Company and the Travelers Insurance Company are willing that it should be set aside on the ground of mistake, but the Port Huron Gas & Electric Company insists that there is no evidence of mistake or fraud; that, if there were such evidence, the plaintiff cannot now assert it because he was negligent in that he did not use reasonable diligence to ascertain the truth, and that after he discovered the fraud or mistake he was guilty of laches in failing to seasonably move to set it aside. The circuit judge entered a decree setting aside the contract. From this decree, defendant Port Huron Gas & Electric Company appeals.

The undisputed evidence shows that about two weeks after the accident, while plaintiff was still being treated at the hospital, the Mueller Metals Company took him to its office, and that Mr. Miller, the paymaster, with whom plaintiff was acquainted, and in whom he had confidence, presented the contract in question for him to sign; that he was in such a weak mental and physical condition that he could not read the instrument and did not understand it; that he told Miller so, and asked if it was all right for him to sign it; that Miller told him it was all right, that it was a mere matter of form for filing with the insurance company; that, relying on the representations of Miller and not knowing it was a compensation agreement, he signed the contract after which Mr. Miller gave him a check which he said was a little present; that immediately thereafter plaintiff submitted the agreement and the check to a reputable attorney in Port Huron, who undertook to explain it but was unable to make him understand; and that he did not understand that he had signed a compensation agreement until he had recovered sufficiently to

leave the hospital two weeks later and again interviewed his attorney.

This was the substance of the plaintiff's testimony relative to the contract. It was undisputed. Mr. Miller was not sworn as a witness, though the record shows he was present in court at the hearing. The circuit judge charitably characterized Mr. Miller's conduct as "at most a mistake of law." There is no element of mistake either of law or fact in this transaction. It was plain fraud. It is true, as counsel for the defendant assert, that "parties are held to some diligence in protecting their own interests," but the plaintiff's admitted mental condition renders such a rule inapplicable to this case. He was in no physical or mental condition to safeguard his rights. He was at that time mentally incompetent to understand the transaction in which he was engaged. He was not negligent.

Was he guilty of laches? This contract was entered into on the 21st of August, 1918. Two or three weeks later when he had sufficiently recovered to understand the nature and purport of the instrument which he had signed, he refused to cash the check which accompanied the contract and did not then or thereafter accept any compensation. He left the matter with his attorney, who promptly notified the proper officers of the Mueller Metals Company that he would not accept payment for his injuries under the workmen's compensation act, and that he was going to look to the Port Huron Gas & Electric Company for damages. Following this a considerable time was consumed in attempts at an amicable adjustment. Of this, one of plaintiff's attorneys testified:

"I tried to get the various companies, who might be liable whichever way the thing went, to put up a part each for a proper settlement and avoid any lawsuit. We believed the validity of the agreement

222—Mich.—23.

was a question for the jury. * * * I think this continued until March of this year (1921)."

On December 5, 1919, the plaintiff began a common-law action against the Port Huron Gas & Electric Company. He obtained a substantial verdict but the judgment entered thereon was reversed by this court, which held that the order of the board approving the contract between the plaintiff and the Mueller Metals Company was, under the law, an award of compensation to plaintiff, and was a bar to his right to a recovery in that case; that it might not be impeached for fraud in that collateral proceeding, but might be impeached in a direct proceeding in equity (217 Mich. 519).

As was said by the circuit judge:

"It is true an error was made in bringing the action against the Port Huron Gas & Electric Company prior to the rescission of the compensation agreement, and this proceeding resulted in the delay; however, by this proceeding plaintiff has waived no rights nor have the rights or equities of any of the defendants been prejudiced."

We do not think the plaintiff has been guilty of laches or that he has done any other act that would prevent him from recovering the relief to which he is herein clearly entitled.

The decree of the circuit judge is affirmed. Plaintiff will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.