LUYK *v.* HERTEL.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EQUITY HAS NO JURISDICTION TO SET ASIDE FINDINGS ON GROUND OF NEWLY-DISCOVERED EVIDENCE.

> Where, in proceedings under the workmen's compensation act, the evidence was insufficient to justify an award, and the department of labor and industry so found, its findings, which were not reviewed by certiorari, may not be set aside by a court of equity on the ground of newly-discovered evidence; the power of said court to relieve being limited to instances of actual fraud (2 Comp. Laws 1915, § 5465).

2. SAME—DEFECTS IN ACT MUST BE REMEDIED BY LEGISLATURE.

> If the workmen's compensation act is short of what it should contain in order to prevent injustice, the defects must be cured by future legislation and not by judicial pronouncement.

3. STATUTES—CONSTRUCTION—IMPLICATIONS.

> It is a general rule that the affirmative description of the cases in which the jurisdiction may be exercised implies a negative on the exercise of such power in other cases.

4. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RULES FOR CONSTRUCTION.

> Rules of law and procedure applicable to common-law actions may not be considered in construing the workmen's compensation act, for it is in derogation of the common law and substitutes its own code of procedure, inclusive of review.

Appeal from Kent; Perkins (Willis B.), J.    Submitted May 1, 1928.    (Docket No. 133.)    Decided June 4, 1928.

Bill by Meindirina Luyk and others against John W. Hertel and another to set aside findings of the de-

---

[1]Workmen's Compensation Acts, C. J. § 123; [2]Constitutional Law, 12 C. J. § 390; [3]Statutes, 36 Cyc. p. 1122; [4]Workmen's Compensation Acts, C. J. § 101; L. R. A. 1917D, 188; 25 R. C. L. 958; 28 R. C. L. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. 1610, 1872; 5 R. C. L. Supp. 1355, 1581; 6 R. C. L. Supp. 1493, 1766; 7 R. C. L. Supp. 1011.

partment of labor and industry on the ground of newly-discovered evidence.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*Cornelius Hoffius* and *Dorr Kuizema*, for. plaintiffs.

*Kerr, Lacey & Scroggie* (*Dunham & Cholette*, of counsel), for defendants.

WIEST, J.    The bill herein was filed to set aside findings of the board of labor and industry, under the workmen's compensation law, on the sole ground of newly-discovered evidence.    Upon motion of defendants the bill was dismissed for want of jurisdiction in the court of equity.    Plaintiffs appealed.

For the purposes of decision we accept as true every well-pleaded averment of fact stated in the bill.    No fraud is alleged.    The question is whether findings of fact, made by the board acting within its powers, can be set aside by the court of equity upon the ground of newly-discovered evidence.

Section 5465, 2 Comp. Laws. 1915, provides:

"The findings of fact made by said industrial accident board (now board of labor and industry) acting within its powers, shall, in the absence of fraud, be conclusive, but the. Supreme Court shall have power to review questions of law involved in any final decision or determination of said industrial accident board." * * *

The alleged newly-discovered evidence, of course, relates to the findings of fact made by the board.    The board acted within its power and the findings, upon the evidence submitted, are not questioned.    Plaintiffs' rights and remedies and defendants' liability, if any, are wholly under the workmen's compensation law.    Plaintiffs failed to present evidence justifying an award to them.    No review by certiorari was sought.

The workmen's compensation law is a departure, by statute, from the common law, and its procedure provisions speak all intended'upon the subject. Rights, remedies, and procedure thereunder are such and such only as the statute provides. If the statute is short of what it should contain in order to prevent injustice, the defects must be cured by future legislation and not by judicial pronouncement. The statute makes the findings of fact by the board conclusive in the absence of fraud, and the exception states a limitation to the exclusion of all other considerations. The board has no power to grant a rehearing of its determinations. *Martilla* v. *Quincy Mining Co.*, 221 Mich. 525 (30 A. L. R. 1249), and cases there cited. The court of equity may relieve against actual fraud by setting aside an award. *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519, 222 Mich. 350; *American Life Ins. Co.* v. *Balmer*, 238 Mich. 580. But the court of equity may not set aside the award or findings of fact of the board of labor and industry by reason of newly-discovered evidence. The limitation in the statute, to instances of fraud, is too plain to admit of such consideration. It is a general rule, "that the affirmative description of the cases in which the jurisdiction may be exercised implies a negative cn the exercise of such power in other cases." *In re Heath,* 144 U. S. 92 (12 Sup. Ct. 615).

Rules of law and procedure, applicable to common-law actions, may not be considered in construing the workmen's compensation act, for such act is in derogation of the common law and substitutes its own code of procedure, inclusive of review. See *Andrejwski* v. *Wolverine Coal Co.*, 182 Mich. 298 (Ann. Cas. 1916D, 724).

We are asked to consider the general jurisdiction of the court of equity, as declared by the Constitution of the State, judicial pronouncements of powers in-

tended and exercised, and the history of its establishment and its jurisdiction to right wrongs, and, from such general considerations, say that the legislature did not intend to limit the power of the court of equity to set aside an award only on the ground of fraud. All such argument is answered by the following from 25 R. C. L. p. 958:

"When the meaning of a law is evident to go elsewhere in search of conjecture in order to restrict or extend the act would be an attempt to elude it, a method which, if once admitted, would be exceedingly dangerous, for there would be no law, however definite and precise in its language, which might not by interpretation be rendered useless. In such a case arguments from the reason, spirit, or purpose of the legislation, from the mischief it was intended to remedy, from history or analogy for the purpose of searching out and justifying the interpolation into the statute of new terms, and for the accomplishment of purposes which the lawmaking power did not express, are worse than futile."

The decree dismissing the bill is affirmed, with costs to defendants.

FEAD, C. J., and NORTH, FELLOWS, CLARK, POTTER, and SHARPE, JJ., concurred. McDONALD, J., did not sit.