EMMA BROWN v. CITY OF PIPESTONE AND ANOTHER.[1]

No. 28,976.

July 15, 1932.

*S. B. Wilson, Jr., L. N. Foster,* and *E. A. Linnee,* for appellants. *George P. Gurley,* for respondent.

LORING, J.

This is an appeal from a judgment entered by the district court under G. S. 1923 (1 Mason, 1927) § 4318, of the workmen's compensation act.

April 2, 1928, Alza D. Brown, a volunteer fireman in the employ of appellant city, died from causes subsequently held by the industrial commission to be compensable. His widow, this respondent, was on October 21, 1930, awarded compensation at the rate of

[1]Reported in 245 N. W. 145.

$19.20 per week from the date of his death, subject to the statutory limitation.

February 7, 1931, the insurer began paying the instalments as provided in the commission's order. On that day the insurer tendered respondent $2,841.60 as compensation from April 2, 1928, to February 2, 1931. This amount was in the sum of the instalments which should have been paid without interest. Respondent refused the tender because it did not include the interest. April 10, 1932, she was paid the $2,841.60 without prejudice to her right to claim interest. February 8, 1932, judgment was entered in the district court under § 4318, for the aggregate sum of the instalments, plus interest at the legal rate, it being assumed that the $2,841.60 was to be credited as of February 2, 1931.

The sole question raised by this appeal is whether or not unpaid instalments of compensation bear interest at the legal rate from the date when under the provisions of the compensation act they should have been paid.

G. S. 1923 (1 Mason, 1927) § 4269, makes it the duty of the employer to commence payment of compensation without the necessity of any agreement or order. Compensation in this state is a liability arising out of the contract of employment, and the compensation act becomes a part of every contract of employment. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; State ex rel. Chambers v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347. The compensation act makes no mention of interest in case of delay of payment, but G. S. 1923 (2 Mason, 1927) § 7036, imposes interest at six per cent as damages for failure to pay a debt when due.

Here was a contract debt due at the times when the compensation instalments should have been paid under the provisions of the act, and we see no reason why it should not, like any other debt, bear interest at the legal rate when it is subsequently decided that the debt existed. The Iowa workmen's compensation act, like our own, makes no provision for interest; but the supreme court of that state has held that the general statutory provision for interest on past due

indebtedness is applicable to past due instalments under the compensation act. Nester v. H. Korn Baking Co. 194 Iowa, 1270, 190 N. W. 949.

Other courts hold otherwise under their respective compensation acts, and perhaps the weight of authority seems against the Iowa holding; but it seems more logical and more just that interest should be allowed at the legal rate on sums that the contract of employment by implied inclusion of the statute made due and payable of a date certain. That the commission or court does not act upon the controversy until a subsequent date should not alter the liability for interest. Neither should the fact that the industrial commission may have in some cases erroneously construed its powers prevent the court from allowing what the commission by law might have allowed if application had been made to it. Anything said to the contrary in Reese v. National Surety Co. 162 Minn. 493, 203 N. W. 442, is overruled.

The trial court apparently treated the payment of $2,841.60 as a credit as of February 2, 1931, first applying it to accrued interest and then to the principal. So applied there is no allowance of interest upon interest.

Judgment affirmed.

WILSON, C. J. took no part.

### AFTER REARGUMENT.

On November 18, 1932, the following opinion was filed:

PER CURIAM.

There was justly due February 7, 1931, the sum of $3,114.40 (this includes interest); and defendant tendered $2,841.60 and kept the tender good. That left unpaid upon the amount justly due $272.80, and clearly plaintiff was entitled to interest thereon from that date until the entry of the judgment. The court computed the amount at $16.64. It is immaterial whether the $272.80 be called interest or the balance between the amount due and the amount tendered. Strictly speaking, it was the latter. When the tendered sum was applied upon the amount due on February 7, 1931, the sum of

$272.80 remained unpaid, and interest should be paid on that sum from that date on. Defendant's tender (afterwards accepted to apply on the claim) made a cut-off in the claim, leaving a balance of $272.80 then due.

We adhere to our previous decision.