PHILIP COHEN, Doing Business as United Five and Ten Cent Stores, v. I. SLOAN, *et ux.*

197 So. 342
Division A
Opinion Filed July 2, 1940

*Scruggs & Spence,* for Plaintiff in Error;

*McKinney & Edwards* and *Whitfield & Whitfield,* for Defendants in Error.

BUFORD, J.—This is the second appearance of this case here. See Cohen v. Sloan, 137 Fla. 335, 188 Sou. 331.

On the 9th day of June, 1939, an order was entered by the Florida Industrial Commission, *inter alia,* as follows:

"Therefore, it is the award of the Florida Industrial Commission that Philip Cohen, doing business as United Five and Ten Cent Stores, pay to Mr. and Mrs. I. Sloan, mother and father of Willie Mae Sloan, late of Cross City, Florida, the sum of $4.00 per week for 350 weeks, funeral expenses in the amount of $150.00 and all bills heretofore incurred for medical shall be paid by the employer. Also the sum of $10.00 as attorney fees to Messrs. McKinney and Edwards, Attorneys of Cross City, Florida, for legal services to the claimants and such attorney's fees shall be a lien on compensation paid under this award as provided in Section 34 of the Act."

On July 6, 1937, Cohen entered appeal to the circuit court.

On October 5, 1937, the circuit court affirmed the award of the Industrial Commission.

On November 4, 1937, writ of error from the Supreme Court was sued out.

After affirmance by this Court of the judgment of the circuit court affirming the award of the Commission, the claimants on May 29, 1939, demanded payment of the award.

The record (see order of circuit judge, *infra*) shows that the mandate of the Supreme Court was filed in the office of the clerk of the circuit court on the 13th day of May, 1939.

On August 26, 1939, the Commission entered its supplemental order, as follows:

"This cause coming on on application of Claimant for a Supplementary Order determining the Amount of compensation due the claimant in the above entitled cause.

"The records being carefully examined, it is the finding of the Commission that the sum of $1,400 is the lump sum the Claimant is entitled to under Section 24 of the Act as it appears from the records that no compensation has been paid under the award of June 9, 1937.

"It is further found that claimant is entitled to $150.00 for funeral expenses of the deceased Willie Mae Sloan and all medical and Court cost incurred herein.

"So ordered this 25 day of Aug. A. D. 1939."

On January 19, 1940, an order in due course was entered containing, *inter alia*, the following:

"The Employer, Philip Cohen, having failed and refused to make payments on said Award for thirty (30) days or more, subsequent to the said Award becoming final, as entered by the said Florida Industrial Commission, and on the 25th day of August, 1939, no compensation had been paid by the said Employer under the said Award of June 9th, 1937, and on said 25th day of August, 1939, the Florida Industrial Commission entered a Supplementary Award or Order herein, and thereby ordered that the sum of $1,400.00 is the lump sum that Claimants are entitled to under Section 24 of the Act, and further found that the said Claimants were entitled to the further sum of $150.00 for funeral expenses of the deceased, Willie Mae Sloan, and all medical and Court Costs incurred herein.

"It appears to the court that because of the Default by the Employer in the payment of compensation due under the aforesaid Award of Compensation, entered June 9th, 1937, for a period of thirty (30) days, and more, after the Compensation became due and payable thereunder, and the Respondent having failed to show cause why Judgment should not be entered against him herein.

"It is, therefore, ORDERED, ADJUDGED and DECREED by the court that the Petitioners, I. SLOAN and MAMIE SLOAN, do have and recover of and from the Defendant PHILIP COHEN, doing business as UNITED FIVE AND TEN CENT STORES, the sum of 701.92 ( ?) representing past due compensation payments at 6% interest from the date of accident to the date of the hearing of this matter on Final Judgment, and the sum of $178.65 representing the cost of funeral expenses expended by the Petitioners at 6% interest from the date of the expenditure to the date of the hearing of this matter on Final Judgment, and further the sum of $687.23 which represents all future compensation payments discounted at 8% compounded annually.

"THEREUPON, it is ORDERED and ADJUDGED that the Petitioners, I. SLOAN and MAMIE SLOAN do have and recover of and from the Defendant PHILIP COHEN doing business as UNITED FIVE and TEN CENT STORES the sum of $1,567.80 and a further sum of $12.75 their costs in this behalf expended, for which let execution issue.

"An Attorney's fee in the amount of $500.00 heretofore awarded by the Florida Industrial Commission is hereby approved as a reasonable fee for Messrs. McKinney & Edwards, and Messrs. Whitfield & Whitfield, for legal services rendered Petitioners herein.

"DONE and ORDERED this 19th day of January, A. D. 1940."

This is the order which we now review.

The pertinent parts of Chapter 17481, Acts of 1935, insofar as the matters under consideration are concerned, are Sections 20 (b) and 24. Section 20 (b) is as follows:

"The first installment of compensation shall become due on the fourteenth day after the employer has knowledge of the injury or death, on which date all compensation then due shall be paid. Thereafter, compensation shall be paid in installments, semi-monthly, except where the Commission determines that payment in installments should be made monthly or at some other period."

Section 24 provides, so far as is pertinent here:

"In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the Commission declaring the amount of the default. After investigation notice and hearing, as provided in Section 25, the Commission shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order. In case the payment in default is an installment of the award, the Commission may, in its discretion, declare the whole of the award as the amount in default. The applicant may file a certified copy of such supplementary order with the clerk of the county court in which the Employer has his principal place of. business or maintains an office, or in which the injury occurred. Such supplementary order of the Commission shall be final, and the court shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damage at common law." * * *

The record shows no tender of the amount due the claimants within thirty (30) days of the entry of the Supreme Court mandate, *supra,* in the circuit court.

If the employer had tendered the amount of the award which had accrued from and after the date of the award to the date of tender within thirty days of the filing of the mandate in the office of the clerk of the circuit court, there would have been no default as contemplated by the statute, but there was no such tender.

It is true that when the demand, *supra,* was made by claimants on May 29, 1939, they were not entitled to full payment of the award but were only entitled to those payments which had then accrued calculated from June 9, 1937. The intervening appeals had tolled the defaults but had not tolled the accrual of the amounts required to be paid under the terms of the award. To toll the effect of defaults tender was necessary within the thirty-day period, *supra.*

Therefore, no error is made to appear in the judgment of the circuit court, *supra,* and the same is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.