CARLETON K. BOURDEAUX v. GILBERT MOTOR COMPANY
AND OTHERS.
NEW BRIGHTON ICE COMPANY AND ANOTHER,
RESPONDENTS.[1]

November 2, 1945.

No. 33,994.

[1]Reported in 20 N. W. (2d) 393.

*John A. Goldie* and *Samuel I. Sigal,* for relator.
*Reynolds & McLeod,* for respondents.

YOUNGDAHL, JUSTICE.

Under *certiorari* to the industrial commission, there is here presented for review the question whether relator is entitled to interest on an award of compensation. Only relator and his employer, New Brighton Ice Company, and the insurer, Employers Mutual Liability Insurance Company, are involved.

On December 8, 1932, relator sustained an accidental injury to his back arising out of and in the course of his employment with the New Brighton Ice Company. Employer conceded liability under the act and paid compensation to March 14, 1933, when it discontinued payments. On April 17, 1933, it filed with the commission a notice of "Proposed Discontinuance of Compensation Payments," accompanied by medical reports, which indicated that disability would cease on March 14, 1933. The commission notified relator on April 19, 1933, of the filing of this notice and advised him that, absent a reply or objection from him, it would close its file. Relator made no reply to this notice. He did not sign a final receipt for compensation.

On July 19, 1943, about ten and one-half years after the accident, relator was injured while working for another employer. It was found by the commission, and it is not here in dispute, that "on investigating this claim it was discovered by counsel that the employe had suffered a partial disability" from the prior accident of December 8, 1932, "which continued for a long period after the cessation of compensation payments." On October 28, 1943, a claim petition was filed in which the employers of 1943, 1932, and an earlier one of 1931 were joined as respondents. As stated by Commissioner Stewart:

"On June 7, 1944, Referee Hatch made findings and an award, in which he found that as a result of the accident of December 8, 1932, the employe was totally disabled for a period of about two weeks longer than the period for which he had been paid and that thereafter he continued to be partially disabled and sustained wage losses which, during the 300-week period fixed by law, amounted to over $700.00. The 300-week period terminated September 9, 1938. No appeal was taken from the decision."

On August 15, 1944, relator petitioned the industrial commission for an award of penalty, attorneys' fees (not here involved), and interest. The commission (one commissioner dissenting) denied the petition.

Relator asserted before the commission, and contends here, that interest should be computed from the dates on which instalments of compensation became due. Respondents (the employer and its insurer) contend that interest should not be computed for a period prior to the date of the filing of the claim, because there was laches in prosecuting the claim and it is discretionary with the commission to deny interest in such an event. In response to this, it is the position of relator that he is entitled to interest as a matter of right, and that in any event there was no laches, and, even if there was laches, respondents are estopped from asserting it. The commission held that interest was not allowable as a matter of right, and, because relator was guilty of laches in presenting his claim, he is not entitled to it. Thus there is squarely presented the issue whether an employe is entitled to interest as a matter of right, without regard to laches, where it has been found that the employer has improperly discontinued payments of compensation, or whether it is discretionary with the commission to grant or deny it according to the circumstances.

Although the compensation act makes no mention of interest in case of delay of compensation payments, we have held that the general interest statute, Minn. St. 1941, § 334.01 (Mason St. 1927, § 7036), which imposes interest at six percent for failure to pay a

debt when due, applies to such a situation. Brown v. City of Pipestone, 186 Minn. 540, 245 N. W. 145.

It is the claim of respondents that the Brown case, *supra*, is not *stare decisis* as to this case, because the issue of laches was not there involved, and that the decision is not inconsistent with the theory that it is discretionary with the commission to determine according to the facts whether interest should be paid. The sole question raised in that case was (186 Minn. 541, 245 N. W. 145) "whether or not unpaid instalments of compensation bear interest at the legal rate from the date when under the provisions of the compensation act they should have been paid." We there held:

"* * * Compensation in this state is a liability arising out of the contract of employment, and the compensation act becomes a part of every contract of employment."

We there further stated:

"Here was a contract debt due at the times when the compensation instalments should have been paid under the provisions of the act, and we see no reason why it should not, like any other debt, bear interest at the legal rate when it is subsequently decided that the debt existed."

The majority of the commission and respondents rely upon the rule announced in Redfield v. Ystalyfera Iron Co. 110 U. S. 174, 176, 3 S. Ct. 570, 572, 28 L. ed. 109, 110, as follows:

"Interest is given on money demands as damages for delay in payment, being just compensation to the plaintiff for a default on the part of his debtor. Where it is reserved expressly in the contract, or is implied by the nature of the promise, it becomes part of the debt, and is recoverable as of right; but when it is given as damages, it is often matter of discretion."

While it may be true that, where interest is given as damages, there may be cases where laches may bar recovery, such as in Redfield v. Ystalyfera Iron Co. *supra,* and Redfield v. Bartels, 139 U. S. 694, 11 S. Ct. 683, 35 L. ed. 310, this is not such a case. These

cases involved situations wholly different from that presented in the case at bar. We are here concerned with a consideration of employer's obligation under our workmen's compensation act, which we have held should be construed liberally in employe's favor. Under that act, it is made the duty of employer to commence payment of compensation at the time and in the manner prescribed by the act without the necessity of any agreement or order. Minn. St. 1941, § 176.02 (Mason St. 1940 Supp. § 4272-1) ; Brown v. City of Pipestone, 186 Minn. 540, 245 N. W. 145, *supra*. Although there is a provision in the act limiting the time within which an action may be commenced (§ 176.18 [Mason St. 1927, § 4282]), once the industrial commission has acquired jurisdiction by the filing of a claim petition, its jurisdiction attaches and continues until it is cut off by judgment or *certiorari*. §§ 176.18, 176.60, 176.34 (Mason St. 1927, §§ 4282, 4319, and 1940 Supp. § 4295) ; Rasmussen v. City of St. Paul, 215 Minn. 458, 10 N. W. (2d) 419.

Thus, even though it may be said that payment of interest here is by way of damages, the requirements of the act being infused into the contract, the duty to pay interest arises by reason of the statutory obligation to make the compensation payments at the stipulated times. When the employer suspended payments, by reason of which it had the use of the money which should have been paid at intervals to the employe, it did so at the peril of being required to pay interest on these payments should it subsequently be decided that such payments were improperly suspended. The duty to pay such interest arises impliedly, as a matter of law, from the contractual obligation to make compensation payments at the stipulated times required by the statute.

In a variety of transactions interest has been allowed as a matter of right in cases of bonds, written contracts for the payment of money on a certain day, and where money claimed has been actually used and improperly retained by defendant. Richmond & Irvine Const. Co. v. Richmond, N. I. & B. R. Co. (6 Cir.) 15 C. C. A. 289, 68 F. 105, 34 L. R. A. 625; Wood v. Cascade F. & M.

Ins. Co. 8 Wash. 427, 36 P. 267, 40 A. S. R. 917; 30 Am. Jur., Interest, § 7, note 4.

The rationale of these cases is well stated in Henderson Cotton Mfg. Co. v. Lowell Machine Shops, 86 Ky. 668, 675, 7 S. W. 142, 145, cited with approval in the Richmond case, 68 F. 115, *supra,* as follows:

"The true ground upon which to put the allowance of interest is the fault of the party who is to pay the debt. If he has made default of payment, then, ex aequo et bono, he should reimburse the creditor for keeping him out of the use of his money. He should render an equivalent for the use of what is not his own. If there be a specified time for payment, and a failure to then pay, or a demand of payment of a liquidated claim, and default, then the debt should, as a matter of law, bear interest from the time of such failure. This is the current of authority, and it is supported by both right and reason."

In the Richmond case, the court pointed out that there was nothing in the case of Redfield v. Ystalyfera Iron Co. *supra* (upon which respondents here rely) which conflicts with the doctrine above stated.

In the instant case, no appeal was taken from the findings of the referee that employe was entitled to the additional compensation payments. When it was found that employer failed to perform his duty to make payments as provided for under the law, it follows, *a fortiori,* that he retained and used money which properly belonged to the employe. For the failure to make these payments and for the use of the money, we believe it is a reasonable implication of the statutory obligation to make the payments at stipulated times that employe is entitled to interest as a matter of right. No claim is made by respondents that laches should bar the recovery of the principal payments of compensation. Under a statute of this kind it seems inconsistent to us that laches should not bar the recovery of the principal payments of compensation and yet bar the interest.

"* * * If interest is properly due, as between creditor and debtor, the interest is just as much a part of the principal claim as the principal thereof." Richmond, etc. v. Richmond, etc. (6 Cir.) 15 C. C. A. 300, 68 F. 116, 34 L. R. A. 632, *supra*.

We believe, under the circumstances here, that interest is "but an incident to the debt that bears it—a rent that the debtor pays for the use of his creditor's money," Brewster v. Wakefield, 1 Minn. 260 at p. 263 (352 at p. 355), 69 Am. D. 343, and that it "goes with the principal, as the fruit with the tree." United States v. Proctor (D. C.) 286 F. 272, 273; Himely v. Rose, 5 Cranch (9 U. S.) 313, 3 L ed. 111.

In Horovitz, Workmen's Compensation, p. 354, the author makes the following apt statement with reference to the precise question herein involved:

"* * * If an insurer or employer is found to owe a certain amount of back payments, it seems logical that if a court is to enforce the award as to *principal*, it should do so as to *interest;* and that interest is due on each weekly installment from the very beginning. Interest owes its very existence to the fact that the principal is unpaid; and if the principal is ordered paid week by week from the very start, there is no adequate reason for denying interest from the same beginning, in the absence of expressed statutory prohibition of early interest."

This appears to us as sound logic and consistent with the liberal interpretation of the workmen's compensation act to which we are committed.

The order of the industrial commission is therefore reversed. Relator is granted $250 as attorneys' fees, exclusive of statutory costs and disbursements.

Reversed.