DREW, Chief Justice.
In this case the Deputy Commissioner entered an award on March 30, 1955, allowing the claimant $350 as compensation for a permanent partial disability. The carrier made no effort to review this order but payment of the award was not effected until April 23, 1955.
The claimant filed for additional compensation in the amount of 20% of the award for failure to pay the same within 14 days from the date of the order. This claim was made pursuant to the provisions of Sec. 440.20(6) which provides for such additional compensation in the event that the award “is not paid within fourteen days after it becomes due, * * * unless re *270 view of the compensation order making such award is had as provided in § 440.27.” The claim was denied by the deputy commissioner and his order was affirmed by the full commission.
The order of affirmance was based on the theory that an award does not become “due” within the meaning of Sec. 440.20(6) until the order becomes “final” pursuant to the provisions of Sec. 440.25(4). Therefore, it concludes that since the award was paid within the 20 day period provided in the latter section, there was no basis for the imposition of the additional compensation provided for in Sec. 440.20(6).'
We cannot agree with the theory of the full Commission. ‘Section 440.25(4), supra, specifying when the award becomes final has to do only with the matter of review of the order and does not determine when the award becomes due. And we perceive no rea'son why the award does not become due upon the date it is entered. The right of the- parties are fixed at that time. This result is in accord with the obvious purpose of Sec. 440.20(6) which is “to protect the claimant against unnecessary delay in receiving his money.” Lockett v. Smith, Fla. 1954, 72 So.2d 817, 819, and it is consistent with the practice in the civil court where it is'Uniformly held-that a judgment or decree becomes effective at rendition. See 49 C.J.S., Judgment, § 446, p. 876; 30 C.J.S., Equity, § 614, p. 10.12.
For the reasons stated, certiorari is grantéd with directions to- the full Commission to vacate the order herein reviewed and to enter an order in accordance with the views herein expressed. ' In such order it shall allow claimant’s counsel reasonable fees for his services in this- cause before the full Commission and the Deputy Commissioner. Fees in this Court,have been allowed by separate order.' '
Certiorari granted.
•TERRELL; ROBERTS and SEBRING, JJ., concur!■ ' - ‘ '