DRAKE v. NORGE DIVISION, BORG-WARNER
CORPORATION.

1. WORKMEN'S COMPENSATION—INTEREST ON PAST DUE AMOUNTS—
OCCUPATION-CONNECTED DISABILITY.
   Interest at the rate of 5% on all past due amounts under an
   award of workmen's compensation, made in 1960 on a claim
   filed in 1958 for an occupation-connected disabling heart attack
   which had occurred in 1953, *held*, proper where review was
   limited to review of workmen's compensation appeal board's
   determination as to when interest began to accrue and appeal
   board had found that notice and claim for benefits were timely
   made (CL 1948, §§ 412.3, 417.2, 417.3).

2. SAME—INTEREST—PENALTY—USE OF ANOTHER'S MONEY.
   The imposition of interest on past due amounts under an award
   of workmen's compensation is not made as an imposition of
   a penalty but is a charge made for the use of another's money,
   hence, notice of plaintiff's claim, or lack of such notice, is not
   pertinent to the issue of whether or not interest should be al-
   lowed (CL 1948, §§ 412.3, 417.2, 417.3).

3. SAME—INTEREST.
   Interest on an award of workmen's compensation is payable on
   unpaid amounts as of the date the benefits accrue (CL 1948,
   §§ 412.3, 417.2, 417.3).

CARR, C. J., and KELLY, J., dissenting.

Appeal from Workmen's Compensation Appeal
Board. Submitted October 13, 1961. (Docket No.
71, Calendar No. 49,187.) Decided September 10,
1962.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation § 484 cum supp.

Clayton Drake presented his claim against Norge Division, Borg-Warner Corporation, for compensation because of injury to heart and was given award including interest from date of injury. Defendant appeals with hearing limited to question of interest. Affirmed.

*Marcus, McCroskey, Finucan, Libner & Reamon* (*Paul A. Williams,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for defendant.

SOURIS, J.   Weekly compensation benefits and medical expenses were awarded to plaintiff by the workmen's compensation appeal board in October of 1960 on a claim filed in 1958 for an occupation-connected disabling heart attack which occurred in 1953, weekly benefits to begin as of the last day of plaintiff's employment in 1953.   The appeal board awarded interest on all past due amounts at the rate of 5% per annum.   We granted leave to appeal limited to review of the appeal board's determination of the time when interest began to accrue.

In *Wilson* v. *Doehler-Jarvis,* 358 Mich 510, which involved a claim under the workmen's compensation law for death benefits and expenses of the employee's last illness and burial, this Court first determined that awards for such benefits and expenses should bear interest from the time such awards themselves became due.   The majority of the Court which reached that conclusion, and in the process overruled (p 517) *Fowler* v. *Muskegon County,* 340 Mich 522, considered the commentary of Dean Roscoe Pound on the case of *Parker* v. *Brinson Construction Co.* (Fla), 78 So2d 873, which commentary appears in 16 NACCA Law Journal 135, 136, and the Minnesota cases of *Brown* v. *City of Pipestone,* 186

Minn 540 (245 NW 145), and *Bourdeaux* v. *Gilbert Motor Co.*, 220 Minn 538 (20 NW2d 393), in concluding that interest should be paid on compensation awards in the same manner in which interest is paid in actions *ex contractu*, that is, from the time of the accrual of the cause of action. Reliance was placed (pp 518, 519) upon the following language from *Brown* v. *City of Pipestone*, as quoted in *Bourdeaux* v. *Gilbert Motor Co.* (p 541): "Here was a contract debt due at the times when the compensation instalments should have been paid under the provisions of the act, and we see no reason why it should not, like any other debt, bear interest at the legal rate when it is subsequently decided that the debt existed." In the *Wilson Case*, interest was ordered computed and paid on the medical and burial expenses and on the instalments of death benefits from their respective due dates from and after the employee's death.

We do not consider it significant that *Wilson* v. *Doehler-Jarvis* involved a claim for death benefits as distinguished from a claim by the disabled employee himself for weekly compensation benefits as is involved here. However, this case does involve a factual circumstance relied upon by defendant to distinguish it from *Wilson*. In *Wilson*, the claim for death benefits was made shortly after the employee's death, the employer having had knowledge of the employee's own prior claim and of his death. Thus, the award of interest as of the date of death, the date death benefits became due, did not involve imposition upon the defendant of an obligation to pay interest on a claim as of a time when the defendant had no way of knowing of its possible liability for such claim. In the case at bar, on the contrary, plaintiff suffered his occupationally disabling heart attack in 1953 but no claim was made

until 1958.* Defendant contends that under such circumstances, it should not be required to pay interest during the 5-year period preceding its actual notice of plaintiff's claim.

Defendant emphasizes its belief that the imposition of interest in such cases is punishment for deliberate refusal to pay a lawful obligation and concludes therefrom that it should be spared such punishment at least until the date in 1958 when it received notice of plaintiff's claim and thereafter refused to pay it voluntarily. Such a concept of the purpose of interest in cases such as this does not conform to the views expressed in the majority's opinion in *Wilson.*

While it is true that in *Wilson* the interest involved covered a period during which the employer refused to pay benefits, the decision was not based upon a finding that the employer's refusal was malicious or vexatious or wilfully dilatory and, therefore, punishable by the imposition of a penalty. It was based upon a finding that the delay was without merit and, in that sense, wrongful. But interest was not imposed for that reason, as the opinion carefully points out. It was imposed (pp 516, 517) because the employer benefited from the use of money determined to be due the employee and because the employee had to do without its use. Imposition of interest upon the past due benefits punished no one; it charged for the use of another's money.

Were we considering a penalty, as defendant suggests we are, defendant's notice of plaintiff's claim, or lack of such notice, might be pertinent to our inquiry. But here, under the standards established in *Wilson* v. *Doehler-Jarvis, supra,* we seek only

---

* The appeal board found, in the circumstances of this case, that notice and claim for benefits were timely made. In this appeal, we do not review that finding.

to preserve to victims of compensable occupational disabilities the full measure of that which our legislature has provided. The legislature has provided that workmen's compensation benefits accrue as of the eighth day after injury or on the date of injury (CL 1948, § 412.3 [Stat Ann 1960 Rev § 17.153]) or as of the date of disablement (CL 1948, §§ 417.2 and 417.7 [Stat Ann 1960 Rev §§ 17.221 and 17.226]), any one of which dates could be, and not infrequently is, substantially earlier than the day notice of claim first is given the employer. Unless interest is charged for past due benefits awarded, the employee inevitably will receive less than he is entitled to receive. By the same token, unless interest is charged for past due benefits awarded, the employer will have had the free use of money determined to have been due the employee. Our belated recognition of the elementary nature of the equities involved in this controversy finally establishes a parity between the employee who ultimately collects accrued benefits and the employer who redeems a claim by paying benefits in advance,—at a commuted value, of course (CL 1948, § 412.22 [Stat Ann 1960 Rev § 17.172]).

Affirmed. Costs to plaintiff.

BLACK, KAVANAGH, and OTIS M. SMITH, JJ., concurred with SOURIS, J.

CARR, C. J. (*dissenting*). While in the employ of defendant, plaintiff on January 23, 1953, sustained a disabling heart attack. He did not at the time file a claim under the workmen's compensation act[*] of the State, presumably being advised by his physician, as it is claimed, that there was no connection between his work and the heart condition. It is not

---

[*] PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1960 Rev § 17.141 *et seq.*]).

disputed that at the time the physician reported to the employer that "the present disability was not due to the patient's occupation."

Under date of July 17, 1958, plaintiff made application for hearing and adjustment of claim. Shortly prior thereto the physician who had treated him in 1953 following his heart attack expressed the opinion that plaintiff's work "may have caused this attack." The hearing referee denied compensation on the ground that statutory requirements with reference to notice and claim had not been observed. Such decision was reversed by 2 members of the workmen's compensation appeal board and plaintiff was awarded compensation from January 24, 1953, at the rate of $32 per week for total disability, until the further order of the compensation department. He was also granted $561 for medical expenses, with interest on all weekly payments past due, and on the item of medical expense, at the rate of 5% per annum. On leave granted defendant has appealed, the question at issue relating to the matter of interest.

The action of the appeal board with reference to interest was based on the decision of a majority of this Court in *Wilson* v. *Doehler-Jarvis Division of National Lead Company,* 358 Mich 510. In that case application was made for entry of judgment in circuit court on the basis of unpaid workmen's compensation award. The appeal was from the circuit court judgment. The appeal board had not allowed interest.

The statute as enacted by the legislature and amended from time to time does not authorize the allowance of interest on payments required to be made under an award of compensation. Nor may authority to make such addition be implied from any provision of said statute. It must be borne in mind that we are dealing here with an obligation

imposed by law and the incidents thereof have been prescribed by the legislature. In *Luyk* v. *Hertel,* 242 Mich 445, 447, Mr. Justice WIEST, speaking for the Court, said:

"The workmen's compensation law is a departure, by statute, from the common law, and its procedure provisions speak all intended upon the subject. Rights, remedies, and procedure thereunder are such and such only as the statute provides. If the statute is short of what it should contain in order to prevent injustice, the defects must be cured by future legislation and not by judicial pronouncement. * * *.

"Rules of law and procedure, applicable to common-law actions, may not be considered in construing the workmen's compensation act, for such act is in derogation of the common law and substitutes its own code of procedure, inclusive of review. See *Andrejwski* v. *Wolverine Coal Co.,* 182 Mich 298 (Ann Cas 1916D, 724, 6 NCCA 807)."

The rule of interpretation so declared was followed by this Court in *Fowler* v. *Muskegon County,* 340 Mich 522. After referring to the holding in *Kermott* v. *Ayer,* 11 Mich 181, 184, where it was declared that "interest in Michigan is purely statutory", this Court unanimously held (p 526) that:

"Under our holding in the *Luyk Case, supra,* the remedy for all matters connected with compensation must be found in the statute, and our holding in the *Kermott Case, supra,* is that interest is statutory. It must follow that where the statute does not provide for interest, none can be granted."

We think the correct rule of law was recognized in the above cited cases. The statute clearly points out the procedure to be followed in order to reach a determination as to the liability of an employer for the payment of compensation under the act, and the extent of liability in that respect. Certainly it

cannot be said that, in the absence of a specific agreement between employer and employee, the possible obligation under the statute must be recognized in advance of such determination. Clearly the legislature has not seen fit to impose any penalty for failure of such prepayment.

The present case presents a striking example of the policy of requiring the payment of interest on an award from the date of disability. For 5-1/2 years, according to the finding of the appeal board, plaintiff did not know that he had any claim for compensation, and it is even more apparent that defendant had no reason to believe that there was any possible liability on its part for the payment of an award under the statute. It is a matter for the legislature to determine the right to interest on compensation payments, if such is to be allowed. As well stated in *Luyk* v. *Hertel, supra,* we are not dealing here with legal and procedural rules applicable to common-law actions. The statute is controlling rather than incidents involved in the application of contract law.

For the reasons above stated and for further reasons set forth in the dissenting opinion in *Wilson* v. *Doehler-Jarvis, supra,* the order of the workmen's compensation appeal board should be modified by eliminating the award of interest therefrom.

KELLY, J., concurred with CARR, C. J.

DETHMERS, J. (*concurring*). For the reasons set forth in my opinion in *McDaniel* v. *Campbell, Wyant & Cannon Foundry Company,* 367 Mich 356, 358, I concur in affirmance.

ADAMS, J., took no part in the decision of this case.