PAN AMERICAN WORLD AIRWAYS,
INCORPORATED, a corporation,
and

The Travelers Insurance Company, a
corporation, Plaintiffs,

v.

William M. O'KEEFFE, as Deputy Com-
missioner of the Sixth Compensation
District of the United States Depart-
ment of Labor, Defendant.

Civ. A. No. 66-620.

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 17, 1968.

James C. Rinaman, Jr., Marks, Gray,
Yates, Conroy & Gibbs, Jacksonville,
Fla., J. Compton French, Daytona
Beach, Fla., for plaintiffs.

Arthur M. Ossinsky, Daytona Beach,
Fla., for Virginia Littleton Rose
Mauntz, Barbara Lantz Bilbray, Karen
Rae Churchill and William Carpenter
Rose.

Edward F. Boardman, U. S. Atty.,
Jacksonville, Fla., for defendant.

SUMMARY FINAL JUDGMENT

CHARLES R. SCOTT, District Judge.

Upon consideration of the motion for
summary judgment filed herein by de-
fendant deputy commissioner, William
M. O'Keeffe, and of the cross motion for
summary judgment filed by plaintiffs,
Pan American World Airways, Incorpo-
rated, and The Travelers Insurance
Company, following due notice of the fil-
ing of such motions, and upon considera-
tion of the briefs and the oral argument
of counsel for the parties in this review
proceeding, the Court finds as follows:

(a) The deputy commissioner, subse-
quent to affirmance by the Court of Ap-
peals for this Circuit of the deputy com-
missioner's award of compensation bene-
fits to the surviving widow and children
of the deceased employee in this case,
properly found in supplementary pro-
ceedings that the survivors were entitled
to interest on compensation due under
the award but unpaid. Amis v. Smith,
41 U.S. (16 Pet.) 303, 311, 10 L.Ed. 973

**558**

(1842); Keller v. Ashford, 133 U.S. 610, 10 S.Ct. 494, 33 L.Ed. 667 (1890); Globe Const. Co. v. Brewer, 197 F.2d 707 (C.A. 5, 1952); Sunny Point Packing Co. v. Faigh, 63 F.2d 921 (C.A. 9, 1933); United States v. United Drill & Tool Corp., 87 U.S.App. D.C. 236, 183 F.2d 998, 999 (1950); Moore-McCormack Lines v. Amirault, 202 F.2d 893, 897 (C.A. 1, 1953); Blair v. Durham, 139 F.2d 260 (C.A. 6, 1943); Anglin & Stevenson v. United States, 160 F.2d 670, 672 (C.A. 10, 1947), cert. denied 331 U.S. 834, 67 S.Ct. 1514, 91 L. Ed. 1847; Massachusetts Benefit Association v. Miles, 137 U.S. 689, 11 S.Ct. 234, 34 L.Ed. 834 (1891); Parker v. Brinson Construction Company, 78 So.2d 873 (Fla.1955); Cohen v. Sloan, 143 Fla. 609, 197 So. 342 (1940); Andrews v. Strecker Body Builders, 92 So.2d 521 (Fla.1957); Drake v. Norge Division, Borg Warner Corp., 367 Mich. 464, 116 N.W.2d 842, 843–844 (1962); Bourdeaux v. Gilbert Motor Co., 220 Minn. 538, 20 N.W.2d 393 (Minn.1945); Wilson v. Doehler-Jarvis Div. of National Lead Co., 358 Mich. 510, 100 N.W.2d 226 (1960); cf. Phillips Petroleum Co. v. Oldland, 187 F.2d 780, 782 (C.A. 10, 1951), cert. denied 342 U.S. 816, 72 S.Ct. 30, 96 L.Ed. 617.

(b) The deputy commissioner properly found further in the supplementary proceedings referred to above that the survivors were entitled to twenty percent additional compensation under the provisions of Section 14(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 914(f), on benefits awarded but unpaid for more than 10 days after becoming due with no interlocutory injunction having been obtained in the interval (Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(b); Zeller v. Associated Indemnity Corporation, 92 F.2d 453 (C.A. 9, 1937); Arrow Stevedore Corporation v. Pillsbury, 88

F.2d 446 (C.A. 9, 1937); Twine v. Locke, 68 F.2d 712 (C.A. 2, 1934); Candado Stevedoring Corporation v. Lowe, 85 F.2d 119, 121 (C.A. 2, 1936), cert. denied 299 U.S. 588, 57 S.Ct. 115, 81 L.Ed. 433; Hart v. Perkins, 258 N.Y. 61, 179 N.E. 259, 261 (1932); Parker v. Brinson Const. Co., 78 So.2d 873 (Fla. 1955); A.D.H. Building Contractors v. Steele, 171 So.2d 184 (Fla.App.1965); Andrews v. Strecker Body Builders, 92 So.2d 521 (Fla.1957); Rutherford v. Seven-Up Bottling Company, 83 So.2d 269 (Fla.1955)), and on all awarded benefits which remained unpaid for more than 10 days after the deputy commissioner's award was sustained on appeal. Potts v. Flax, 313 F.2d 284, 290 n.6 (C.A. 5, 1963); Hunt v. Seeley, 115 F.2d 205, 207 (C.A. 5, 1940); Thornton v. Carter, 109 F.2d 316, 321 (C.A. 8, 1940); Federal Home Loan Bank of San Francisco v. Hall, 225 F.2d 349 (C.A. 9, 1955); United States v. Eisner, 323 F. 2d 38 (C.A. 6, 1963); Harris v. Briscoe, 94 U.S.App.D.C. 92, 212 F.2d 619 (1954); Higgins, Inc. v. Donovan, 249 F.Supp. 941 (D.C.La.1966).

(c) The deputy commissioner, in the aforesaid supplementary proceedings, properly allowed payment of attorney's fees to be made by the survivors out of the 20 percent additional compensation and the interest awarded them. Section 28(a) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C. § 928(a).

It is therefore ordered and adjudged:

1. That the defendant deputy commissioner's motion for summary judgment be, and the same hereby is, granted.

2. That the motion of the plaintiffs for summary judgment be, and the same hereby is, denied.

3. That the within action be, and the same hereby is, dismissed with prejudice.