PER CURIAM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in denying his claims for penalties and interest on the late payment of compensation benefits. We agree the JCC erred, and reverse the order denying the claimed benefits.
Here, the JCC conflated the determination of when benefits payable pursuant to an award are due with the determination of when an order is final. Even though, pursuant to section 440.25(5)(a), Florida Statutes (2002), an order is not final until thirty days after it has been mailed to the parties, unless a timely appeal is filed, section 440.20(7), Florida Statutes (2002), controls the payment of penalties and requires that a 20% penalty be paid if the compensation is not paid within seven days after it becomes due. This court has long held that benefits are due on the date the order is entered. See Rutherford v. Seven-Up Bottling Co., 83 So.2d 269, 270 (Fla.1955) (“Section 440.25(4), supra, specifying when the award becomes final has to do only with the matter of review of the order and does not determine when the award becomes due. And we perceive no reason why the award does not become due upon the date it is entered.”).
In this case, the order was mailed to the parties, and the award therein became due, on November 5, 2010. Thus, the Carrier’s payment of penalties and interest on November 24, 2010, and of past due permanent total disability benefits on November 26, 2010, was untimely, and penalties and interest are due Claimant because of that untimely payment. Because the JCC erred in denying the claims for penalties and interest, he likewise erred in denying the claims for costs and attorney’s fees.
Accordingly, this matter is REVERSED and REMANDED for entry of an order awarding the claimed benefits.
LEWIS, ROBERTS, and RAY, JJ., concur.