LAKE CARRIERS' ASSOCIATION v DIRECTOR OF THE
DEPARTMENT OF NATURAL RESOURCES

Docket No. 63453. Decided December 27, 1979. On application by the
defendant Attorney General for leave to appeal the Supreme
Court, in lieu of granting leave to appeal, reversed the judg-
ment of the Mackinac Circuit Court and the Court of Appeals.

The Lake Carriers' Association and others brought an action for
declaratory judgment for construction of the Watercraft Pollu-
tion Control Act against the Director of the Department of
Natural Resources, the Attorney General, and other state
officers. The question is whether the act prohibits the discharge
of sewage, whether treated or untreated, from watercraft in
Michigan waters. The Dominion Marine Association, a Cana-
dian association, intervened as a plaintiff. The Mackinac Cir-
cuit Court, Martin B. Breighner, J., decided that the Watercraft
Pollution Control Act was ambiguous and therefore required
judicial interpretation, and that the act only prohibited the
discharge of sewage which was not treated to an adequate
degree, under Federal regulations, by a certified marine sanita-
tion device. The Court of Appeals, M. J. Kelly, P.J., and M. F.
Cavanagh and MacKenzie, JJ., affirmed (Docket No. 78-1648).
Defendant Attorney General applies for leave to appeal. *Held:*

The Watercraft Pollution Control Act is unambiguous, and it
prohibits the discharge of all sewage, whether adequately
treated or not. The plaintiffs assert that the clause "which
render the water unsightly, noxious or otherwise unwhole-
some" modifies all the preceding mentioned material, *i.e.,* "lit-
ter, sewage, oil or other liquid or solid materials". A close
reading of the act as a whole shows that the clause only
modifies the words "liquid or solid materials". The modifying
language is essential to limit the scope of the last subject in the
list, which would not necessarily have the same effect on the
quality of the water as the other materials, but it should not be
read to qualify the prohibition against the discharge of sewage.
The discharge of sewage from watercraft is absolutely prohib-
ited. Whether treated or untreated, the act requires onshore
disposal of all sewage or sewage ash. Furthermore, the act does
not prevent the enforcement of standards exceeding Federal

requirements. The Watercraft Pollution Control Act bars the enforcement of a provision of the act which would cause a violation of Federal law, but it does not prevent the enforcement of standards for Michigan waters which exceed Federal requirements.

The judgments of the Mackinac Circuit Court and the Court of Appeals are reversed.

91 Mich App 357; 282 NW2d 486 (1979) reversed.

*Brown & Brown* (by *Prentiss M. Brown, Jr.; Scott H. Elder,* General Counsel, Lake Carriers' Association, of counsel) for plaintiffs.

*Scholl, Theut, Robinson, Stieg & Schellig* for intervening plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Frank J. Pipp, Russell E. Prins,* and *Thomas L. Casey,* Assistants Attorney General, for the defendant Attorney General.

PER CURIAM. The issue presented by this application for leave to appeal is whether the Watercraft Pollution Control Act of 1970 (WPCA), MCL 323.331 *et seq.;* MSA 3.533(201) *et seq.,* prohibits the discharge of sewage, whether treated or untreated, from watercraft in Michigan waters. Both the Mackinac County Circuit Court and the Court of Appeals, 91 Mich App 357; 282 NW2d 486 (1979), have determined that the WPCA only prohibits the discharge of inadequately treated sewage. We disagree.

Pursuant to GCR 1963, 853.2(4), 865.1(7), and for the reasons set forth below, in lieu of granting leave to appeal we reverse these judgments and hold that the WPCA prohibits the discharge of all sewage, whether treated or untreated, from watercraft in Michigan waters.

I

This litigation has an extensive history. The WPCA was enacted in 1970 and took effect January 1, 1971. In 1971, several federally licensed commercial vessel owners and their industry association (joined in 1976 by their Canadian counterparts) sought to have the WPCA declared invalid and its enforcement enjoined in Federal court. The defendants, charged with administering and enforcing the act, read its provisions as absolute; thus, they intended to require all vessels equipped with marine toilet facilities to either store or incinerate the sewage on board for subsequent onshore disposal. Plaintiffs attacked the WPCA, as interpreted by the defendants, on Federal constitutional grounds.

This complaint was dismissed for lack of a justiciable controversy as required by the declaratory judgment act, 28 USC 2201, and because compelling reasons for Federal abstention existed. 336 F Supp 248 (ED Mich, 1971). On appeal, the United States Supreme Court found that an actual controversy existed, but agreed that abstention was proper. 406 US 498; 92 S Ct 1749; 32 L Ed 2d 257 (1972). The judgment was vacated and the case remanded with an order that jurisdiction be retained pending institution of proceedings in Michigan courts.

Abstention was found to be proper because the Court saw a critical inconsistency between § 3(1) and §§ 3(2) and 4(2) of the WPCA. Relying on this claimed ambiguity and the fact that the act had never been construed by a Michigan court, the majority was "satisfied that authoritative resolution of the ambiguities in the Michigan law [was] sufficiently likely to avoid or significantly modify

the federal questions appellants raise[d] to warrant abstention". 406 US 512.

Plaintiffs then filed this action for declaratory judgment pursuant to GCR 1963, 521, in circuit court. Following the lead of the United States Supreme Court majority, the circuit court held that the WPCA was ambiguous and required judicial interpretation. The court determined that the WPCA only barred the discharge of sewage which was not treated to an adequate degree by a United States or Canadian certified marine sanitation device. The adequacy of the degree of treatment was to be determined by Federal regulations.

Defendant Attorney General sought relief in the Court of Appeals. Agreeing with the circuit court and the United States Supreme Court, the Court of Appeals found the provisions of the WPCA to be ambiguous and conflicting. The Court concluded:

"In order to achieve a harmonious and consistent result with statutes and treaty law *in pari materia,* we are compelled to reject that interpretation of the WPCA which would absolutely prohibit all sewage discharge and conclude that the correct construction to be placed upon the act is one which bans only the discharge of inadequately treated sewage, *i.e.,* that not treated in accordance with Federal standards." 91 Mich App 370.

Defendant Attorney General has now filed this application for leave to appeal.

## II

To fully understand this litigation, familiarity with the WPCA provisions is necessary. The pertinent sections are set forth below.

Section 2, MCL 323.332; MSA 3.533(202), in relevant part, reads:

"As used in this act:

\*   \*   \*

"(c) 'Litter' means all rubbish, refuse, waste material, garbage, offal, paper, glass, cans, bottles, trash, debris or other foreign substances of every kind and description.

"(d) 'Sewage' means all human body wastes, treated or untreated.

"(e) 'Oil' means oil of any kind or in any form, including but not limited to petroleum, fuel oil, sludge and oil refuse."

Section 3, MCL 323.333; MSA 3.533(203), reads:

"(1) A person shall not place, throw, deposit, discharge or cause to be discharged into or onto the waters of this state, any litter, sewage, oil or other liquid or solid materials which render the water unsightly, noxious or otherwise unwholesome so as to be detrimental to the public health or welfare or to the enjoyment of the water for recreational purposes.

"(2) It is unlawful to discharge, dump, throw or deposit garbage, litter, sewage or oil from a recreational, domestic or foreign watercraft used for pleasure or for the purpose of carrying passengers, cargo or otherwise engaged in commerce on the waters of this state."

Section 4(2), MCL 323.334(2); MSA 3.533(204)(2), reads:

"A person owning, operating or otherwise concerned in the operation, navigation or management of a watercraft having a marine toilet shall not own, use or permit the use of such toilet on the waters of this state unless the toilet is equipped with 1 of the following pollution control devices:

"(a) A holding tank or self-contained marine toilet which will retain all sewage produced on the watercraft for subsequent disposal at approved dockside or onshore collection and treatment facilities.

"(b) An incinerating device which will reduce to ash all sewage produced on the watercraft. The ash shall be disposed of onshore in a manner which will preclude pollution."

Section 11, MCL 323.341; MSA 3.533(211), reads:

"Any person who violates any provision of this act is guilty of a misdemeanor and shall be fined not more than $500.00. To be enforceable, the provision or the rule shall be of such flexibility that a watercraft owner, in carrying out the provision or rule, is able to maintain maritime safety requirements and comply with the federal marine and navigation laws and regulations."

The claimed ambiguity arises when one reads § 3(1) to state: "A person shall not * * * discharge * * * into or onto the waters of this state, any * * * sewage * * * which render[s] the water unsightly, noxious or otherwise unwholesome * * *." Read in this fashion, the language is in conflict with the more absolute prohibitions of §§ 3(2) and 4(2) because the discharge of "adequately treated" sewage might not violate § 3(1) but would violate §§ 3(2) and 4(2). Plaintiffs and the other courts which have addressed the issue assert that this alleged ambiguity requires judicial reconciliation.

## III

The threshold issue is whether the WPCA is ambiguous or inconsistent. If the act is clear and unambiguous, then judicial construction or interpretation is unwarranted. *Detroit v Redford Twp,* 253 Mich 453, 455-456; 235 NW 217 (1931), *Luyk v Hertel,* 242 Mich 445, 448; 219 NW 721 (1928).

We hold that the WPCA is unambiguous and that it prohibits the discharge of all sewage, whether adequately treated or not. Plaintiffs' argu-

ments and the prior court decisions are based on a misreading of the WPCA, particularly § 3(1). That section reads:

"A person shall not place, throw, deposit, discharge or cause to be discharged into or onto the waters of this state, any litter, sewage, oil or other liquid or solid materials which render the water unsightly, noxious or otherwise unwholesome so as to be detrimental to the public health or welfare or to the enjoyment of the water for recreational purposes."

The critical language is the modifying clause which reads: "which render the water unsightly, noxious or otherwise unwholesome so as to be detrimental to the public health or welfare or to the enjoyment of the water for recreational purposes". Plaintiffs assert that this language modifies all of the preceding subjects—*i.e.,* "litter, sewage, oil or other liquid or solid materials". We disagree. A close reading of § 3(1) in conjunction with the act as a whole reveals that the aforementioned clause only modifies the words "liquid or solid materials".

Discharge of litter, sewage or oil (as defined in § 2 of the WPCA) into water obviously would "render the water unsightly, noxious or otherwise unwholesome so as to be detrimental to the public health or welfare or to the enjoyment of the water for recreational purposes". The discharge of all "other liquid or solid materials", however, would not necessarily have the same impact on the quality of water. The modifying language is essential to limit the scope of the last subject in the list, but it should not be read to qualify the prohibition against the discharge of sewage.

A reading of the WPCA as a whole persuades us that the discharge of sewage from watercraft is absolutely prohibited. "Sewage" is defined as "all human body wastes, treated or untreated". MCL 323.332(d); MSA 3.533(202)(d). Section 3(2) makes it unlawful to discharge sewage from a watercraft. Section 4(2) prohibits the use of a marine toilet on a watercraft unless the toilet is equipped with either a storage tank or an incinerator. Even the ash from the incinerator must be disposed of onshore. There is no room in this legislation for a construction which would allow the discharge of "treated sewage". Whether treated or untreated, the WPCA requires onshore disposal of all sewage or sewage ash.

Plaintiffs further argue that § 11 of the WPCA indicates that the WPCA must be interpreted in conformity with Federal law. Section 11 would bar the enforcement of a WPCA provision which would cause a violation of Federal law. However, § 11 does not prevent the enforcement of standards exceeding Federal requirements. The WPCA requirements will not cause a watercraft owner to violate Federal law or regulations. The act forthrightly sets stricter standards for Michigan waters.

We find that the WPCA unambiguously prohibits the discharge of all sewage, whether treated or untreated, from watercraft in Michigan waters. There is no room for judicial construction. Consequently, the judgments of the Mackinac County Circuit Court and the Court of Appeals are hereby reversed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.