### TAGLIAVIA v BARTON MALOW COMPANY

Docket No. 114006. Submitted January 9, 1990, at Lansing. Decided May 25, 1990.

Joseph L. Tagliavia was hired as a construction worker by the Barton Malow Company on January 10, 1986, and was injured in the course of his employment and became permanently disabled on February 19, 1986, the first work day of his seventh week of employment. Barton Malow and its workers' disability compensation insurer, Michigan Mutual Insurance Company, commenced voluntary workers' disability compensation payments to Tagliavia, which were eventually fixed at $275.85 based on an average weekly wage of $468.14. Tagliavia argued that the level of benefit payment should be based on a weekly average wage computed on the six full weeks that he worked rather than computing the average using also the seventh week in which he worked only one day. Following a hearing, the workers' disability compensation magistrate determined that the average weekly wage should be based on the six full weeks of work. Barton Malow sought review by the Workers' Compensation Appellate Commission, which amended the magistrate's award, holding that the statute required that the average weekly income be computed using the income received in each week worked even if one worked only for a part of the week. Tagliavia appealed.

The Court of Appeals *held:*

The appellate commission's determination that the statute requires that the average weekly wage of one who has been employed for less than thirty-nine weeks be calculated by dividing the total wages earned by the number of weeks worked including any weeks in which less than the full week was worked was not contrary to law.

Affirmed.

WORKERS' COMPENSATION — AVERAGE WEEKLY WAGE.

The average weekly wage for workers' disability compensation purposes for persons who have worked less than thirty-nine weeks is computed by dividing the total wages paid by the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 368, 369.
See the Index to Annotations under Workers' Compensation.

number of weeks worked, including those weeks in which the employee worked less than a full week (MCL 418.371[3]; MSA 17.237[371][3]).

*Zeff and Zeff & Materna* (by *Bret A. Schnitzer*), for plaintiff.

*Ulanoff, Ross & Wesley, P.C.* (by *Carmen C. Tice*), for defendants.

Before: GRIBBS, P.J., and WEAVER and T. E. BRENNAN,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from an opinion and order of the Workers' Compensation Appellate Commission affirming with significant modification the magistrate's decision which awarded him benefits. The issue on appeal concerns the calculation of plaintiff's average weekly wage. We affirm.

The underlying facts are essentially undisputed. Plaintiff began working as a construction worker for defendant Barton Malow Company on January 10, 1986. On February 19, 1986, plaintiff was permanently disabled when he was struck by a one-ton load of concrete dropped from an overhead crane.

Plaintiff's earnings record with the defendant company is as follows:

| WEEK ENDING | GROSS PAY |
|---|---|
| 1-14-86 | $ 360.57 |
| 1-21-86 | 565.60 |
| 1-28-86 | 611.56 |
| 2-04-86 | 523.18 |
| 2-11-86 | 639.84 |
| 2-18-86 | 463.09 |
| 2-25-86 | 13.12 |
| TOTAL | $3,276.96 |

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

Plaintiff worked only one day of the last week because his injury occurred at that time.

Defendants commenced voluntary payments to plaintiff which were subsequently reduced to $275.85, based on an average weekly wage of $468.14 for seven weeks worked. Although plaintiff attempts to argue here that he worked only five weeks and three days, plaintiff stipulated below that he worked 6.2 weeks.

Following a hearing on this matter, the magistrate determined that plaintiff's average weekly wage should be based on six weeks of work. The appellate commission subsequently modified the magistrate's decision, ruling that plaintiff's average weekly wage was to be based on seven weeks worked. The appellate commission concluded that a week during which any work was performed must be considered a week "actually worked" under MCL 418.371(3); MSA 17.237(371)(3):

> If the employee worked less than 39 weeks in the employment in which the employee was injured, the average weekly wage shall be based upon the total wages earned by the employee divided by the total number of weeks actually worked. For purposes of this subsection, only those weeks in which work is performed shall be considered in computing the total wages earned and the number of weeks actually worked.

As part of its opinion in this matter, the appellate commission incorporated and applied the reasoning from one of its previous decisions, *Dolliver v RPI, Inc,* 1988 WCACO 206, 222-223:

> Subsection 418.371(3) of the Act does allow dropping of weeks in which *no* work is performed in

doing its dividing of total wages earned by total number of weeks actually worked; "For purposes of this subsection, only those weeks in which work is performed shall be considered in computing the total wages earned and the number of weeks actually worked." The subsection does not provide, though, that only those weeks in which work is performed *all week* shall be considered in computing the total wages earned and the number of weeks actually worked.

It could well be that an employee is injured during the second week on the job, and misses a day each week thereafter because of the injury's residual effects. The Act does not provide that all weeks but the first on the job then be dropped in computing average weekly wage under the provisions of its subsection 418.371(3). .

Only subsection 418.371(4) addresses the question of partial weeks worked:

"If an employee sustains a compensable injury before completing his or her first work week, the average weekly wage shall be calculated by determining the number of hours of work per week contracted for by that employee multiplied by the employee's hourly rate, or the weekly salary contracted for by the employee."

See *Verkeyn v Revere Mold & Engineering*, 1988 [WCACO 142.]

It is subsection 418.371(6) of the Act which plaintiff wishes used to calculate average weekly wage. However, it must be borne in mind that the provisions of that subsection are to be applied only if there are special circumstances. Chances are four to one, though, that an injury which puts an employee out of. commission will happen on a Monday, Tuesday, Wednesday, or Thursday, as opposed to on a Friday. Applying the provisions of subsection 418.371(6) in a probable 80 percent of such cases is hardly reserving their application to special circumstances. If we must count a last partial week worked as a week for purposes of

calculating average weekly wage under the provision of subsection 418.371(3) of the Act, then we must count any earlier partial week worked.

This comports with the rationale of *Valt v Woodall Industries, Inc,* 391 Mich 678 [219 NW2d 411] (1974), that benefits of the Act are conferred only upon those who miss full weeks. . . . No one but the Legislature may remedy its oversight. *Lake Carriers' Ass'n v Director of the Dep't of Natural Resources,* 407 Mich 424 [286 NW2d 416] (1979); *Solakis v Roberts,* 395 Mich 13, 21 [233 NW2d 1] (1975); *Autio v Proksch Construction Co,* 377 Mich 517 [141 NW2d 81] (1966); *Tews v C F Hanks Coal Co,* 267 Mich 466 [255 NW 227 (1934); and *Luyk v Hertel,* 242 Mich 445 [219 NW 721] (1928).

The appellate commission concluded that the plaintiff in this case performed work in seven separate weeks and that all seven weeks should be counted for purposes of determining his average weekly wage.

This Court's review of an appellate commission decision is extremely limited. Appellate review is limited to questions of law and, in the absence of fraud, the findings of fact are conclusive if supported by any competent evidence on the record. *Upton v General Motors Corp,* 124 Mich App 61, 64; 333 NW2d 384 (1983), lv den 417 Mich 1100.12 (1983); *DeVores v Ford Motor Co,* 171 Mich App 354, 360; 429 NW2d 900 (1988). We give great deference to an agency's interpretation of a statute. *Tercheck v Dep't of Treasury,* 171 Mich App 508, 512; 431 NW2d 208 (1988). We cannot say the appellate commission's decision in this case is contrary to law.

Affirmed.