ROWELL v SECURITY STEEL PROCESSING COMPANY

Docket No. 129065. Submitted June 2, 1992, at Lansing. Decided August 17, 1992, at 9:30 A.M. Leave to appeal sought.

Ted Rowell sought workers' compensation benefits from Security Steel Processing Company and West American Insurance Company after suffering a heart attack following seven weeks and two days of employment. A hearing referee found that the injury was not work-related and denied benefits. The Workers' Compensation Appeal Board concluded that the injury was work-related and awarded benefits, calculating the average weekly wage by dividing Rowell's total wages by 7.4, the number of weeks it considered him to have worked. The defendants appealed by leave granted.

The Court of Appeals *held*:

For purposes of workers' compensation, the average weekly wage of an employee who worked less than thirty-nine weeks in the employment in which he was injured is based upon the total wages earned divided by the total number of weeks actually worked. A week in which any work is performed must be considered a week actually worked. The total amount of Rowell's wages should have been divided by eight to determine the average weekly wage. The appeal board also erred in awarding Rowell benefits equal to eighty percent of his gross average weekly wage rather than eighty percent of his after-tax average weekly wage.

Reversed and remanded.

*Bockoff, Zamler, Mellen & Shiffman, P.C.* (by *Joel Jonas*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Michael J. De Polo*), for the defendants.

Before: Weaver, P.J., and Wahls and Taylor, JJ.

Wahls, J. Defendants appeal by leave granted

from an opinion and order of the Workers' Compensation Appeal Board. The issues on appeal concern the WCAB's calculation of plaintiff's "average weekly wage" and benefits. We reverse.

Plaintiff had worked seven full weeks and two days of the eighth week when he suffered a heart attack that arose out of and in the course of his employment. During this period, plaintiff earned total gross wages in the amount of $2,772. The referee found that plaintiff's injury was not work-related and denied benefits. Nonetheless, the referee calculated a gross weekly wage of $346.50, an amount reached by dividing plaintiff's total gross wages by eight weeks. The WCAB concluded that plaintiff had been disabled by a work-related event, but also modified the referee's conclusion regarding plaintiff's average weekly wage:

> Regarding plaintiff's second contention on appeal, we agree with plaintiff that apparently the administrative law judge counted plaintiff's last two workdays as a full week. Therefore, the administrative law judge listed plaintiff [sic] average weekly wage of $346.50 is less [sic] than the statutorily-based (MCL 418.371 [MSA 17.237(371)]) weeks "actually worked," or 7.4 weeks ($375.00).

The WCAB subsequently ordered that plaintiff be awarded weekly benefits in an amount equal to eighty percent of $375, or $300. On appeal to this Court, defendants do not dispute plaintiff's disability, but take issue with the WCAB's calculation of plaintiff's average weekly wage, arguing that an average weekly wage should not be calculated by use of a partial week. We agree.

MCL 418.371(3); MSA 17.237(371)(3) provides:

> If the employee worked less than 39 weeks in the employment in which the employee was in-

jured, the average weekly wage shall be based upon the total wages earned by the employee divided by the total number of weeks actually worked. For purposes of this subsection, only those weeks in which work is performed shall be considered in computing the total wages earned and the number of weeks actually worked.

This case is factually indistinguishable from *Tagliavia v Barton Malow Co,* 185 Mich App 556; 463 NW2d 116 (1990). The panel in *Tagliavia* held that a week in which any work is performed must be considered a week "actually worked" under subsection 371(3). Thus, the average weekly wage of the plaintiff in *Tagliavia* who had worked six weeks and two days should have been calculated by dividing his total wages by seven weeks, rather than 6.4 weeks. *Id.* at 560. We agree with the reasoning of *Tagliavia* and adopt it as our own. Subsection 371(3) does not allow an employee's average weekly wage to be calculated by resort to fractional weeks. Our decision shall be binding precedent pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv. The WCAB also erred when it awarded plaintiff benefits equal to eighty percent of his gross average weekly wage, rather than eighty percent of his after-tax average weekly wage. MCL 418.351(1); MSA 17.237(351)(1).[1] We therefore reverse the opinion and order of the WCAB and remand the case for a redetermination of benefits that is consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

---

[1] Plaintiff claims that his average weekly wage should be calculated pursuant to subsection 371(6), rather than subsection 371(3). We reject this argument for the same reasons expressed by the WCAB in *Tagliavia, supra,* and quoted in that opinion.