MOCH v NELSEN

Docket No. 212790. Submitted December 15, 1999, at Grand Rapids.
Decided February 22, 2000, at 9:00 A.M.

Joseph W. Moch, an attorney who resides and practices law in Michi-
gan, and Moch & Associates brought an action in the Kent Circuit
Court against David M. Nelsen, an attorney who resides and prac-
tices law in Iowa, to recover attorney fees that the plaintiffs allege
the defendant owes for work on a products liability lawsuit
brought in Iowa by Iowa residents. The defendant had been hired
to pursue the lawsuit and the plaintiffs were hired to assist in pur-
suing the claim. The defendant was served with the complaint
while in the Lansing airport on his return trip to Iowa after coming
to Lansing to testify against Joseph Moch before the Michigan
Attorney Discipline Board pursuant to the board's request for the
defendant's testimony regarding Moch's action as a legal represen-
tative in the products liability action. The court, H. David Soet, J.,
granted the defendant summary disposition, finding insufficient ser-
vice of process on the basis that the defendant was only present in
Michigan to attend a court proceeding and thus was privileged
from service of process under MCL 600.1835(1); MSA 27A.1835(1).
The plaintiffs appealed.

The Court of Appeals *held*:

The Legislature intended the privilege provided in subsection
1835(1) to apply only to court proceedings instigated by the filing
of a complaint in court. An administrative hearing before the Michi-
gan Attorney Discipline Board is not a court proceeding.

Reversed.

ACTIONS — SERVICE OF PROCESS — PRIVILEGES — COURT PROCEEDINGS.

Court proceedings are instigated by the filing of a complaint in court;
an administrative hearing before the Michigan Attorney Discipline
Board is not a court proceeding for purposes of the statute that
provides a privilege from service of process in a civil suit to all per-
sons going to, attending, or returning from any court proceedings
in any action in which their presence is needed where service
could not have been made on them had they not gone to, attended,

or returned from the proceedings (MCL 600.1835[1]; MSA 27A.1835[1]).

*Law Office of Dennis A. Dettmer* (by *Dennis A. Dettmer*), for the plaintiffs.

*Robert J. Eleveld*, for the defendant.

Before: FITZGERALD, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Plaintiffs appeal as of right the order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(3) for insufficient service of process.[1] We reverse.

Joseph W. Moch (hereafter plaintiff) is an attorney who resides and practices law in Michigan. Defendant David M. Nelsen is an attorney who resides and practices law in Iowa. Plaintiff and defendant worked together on an Iowa couple's products liability lawsuit against Kawasaki, the manufacturer of an all-terrain vehicle on which the husband was injured. Defendant Nelsen was hired by the couple, and plaintiff Moch and his law firm were subsequently hired to assist in pursuing the couple's claim. Apparently, defendant offered to share equally with plaintiffs any attorney fees generated as a result of a settlement or favorable trial result. Before that lawsuit was settled, plaintiff was asked to discontinue his involvement in the lawsuit. On March 9, 1998, plaintiff instigated the present action against defendant to recover $38,000 that plaintiff alleges he is owed for his work on the lawsuit.

---

[1] Although the trial court dismissed the case in its entirety pursuant to MCR 2.116(C)(3), the court also granted defendant's motion for summary disposition of count II pursuant to MCR 2.116(C)(8) and (10). The trial court denied defendant's motion for summary disposition of count I that was brought pursuant to MCR 2.116(C)(6).

On that same day, defendant was in Lansing to testify against plaintiff before the Michigan Attorney Discipline Board pursuant to the board's request for defendant's testimony regarding plaintiff's action as a legal representative in the products liability lawsuit. Defendant was served with the complaint in the present action while in the Lansing airport on his return trip to Iowa.

Defendant moved, inter alia, for summary disposition pursuant to MCR 2.116(C)(3) on the ground of insufficient service of process and lack of personal jurisdiction. The trial court dismissed the entire complaint for insufficient service of process on the ground that defendant was present in Michigan only to attend a court proceeding and, therefore, was privileged from service of process. On appeal, plaintiff contends that a board hearing is not a court proceeding and, therefore, the trial court erred in dismissing the lawsuit.

MCL 600.1835; MSA 27A.1835 provides a privilege from service of process in a civil suit under certain circumstances. At issue in this case is subsection 1835(1), which provides:

> All persons going to, attending, or returning from, any *court proceedings* in any action in which their presence is needed are privileged from service of process if service could not have been made on them had they not gone to, attended, or returned from the proceedings.

The term "court proceedings" is not defined in the statute.

The goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *Fran-*

*kenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998). If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted. *People v Morris,* 450 Mich 316, 325; 537 NW2d 842 (1995). It is only where a statute is unclear and susceptible to more than one interpretation that judicial construction is allowed. *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999).

Here, the Legislature specifically chose to use the specific term "court proceedings" when it created subsection 1835(1). 1961 PA 236. Court proceedings are instigated by the filing of a complaint in court.[2] See, e.g., *Michigan Millers Mut Ins Co v Bronson Plating Co,* 445 Mich 558, 576; 519 NW2d 864 (1994) (GRIFFIN, J., dissenting); *Lake Carriers' Ass'n v MacMullan,* 91 Mich App 357, 360; 282 NW2d 486 (1979), rev'd on other grounds 407 Mich 424; 286 NW2d 416 (1979). Because we must interpret the text of the statute according to its own clear terms, we conclude that the Legislature intended for subsection 1835(1) to apply only to court proceedings instigated by the filing of a complaint in court.[3] Hence, the trial court erred in dismissing the complaint for insufficient service because an administrative hearing before the

---

[2] See also the committee comments to § 1835 in the 1986 revision of Michigan Statutes Annotated, which state in part that

any court proceeding includes the actual trial, pretrial motions, or depositions pertaining to the case.

[3] Because the text of the statute is clear, we decline to consider defendant's public policy argument.

Michigan Attorney Discipline Board is not, by defini-
tion, a court proceeding.[4]

Reversed.

---

[4] We note that subsection 1835(3) provides a privilege from civil pro-
cess for a member of the Legislature on a day on which there is a sched-
uled meeting of the house of which the legislator is a member unless pro-
cess is executed by certified mail, return receipt requested. The Adminis-
trative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*,
provides a privilege from service of notice or other process *pursuant to
this chapter* when there is a scheduled meeting of the house of which the
legislator is a member unless such service of notice or process is exe-
cuted by certified mail, return receipt requested. MCL 24.271(3); MSA
3.560(171)(3). The specific inclusion of this subsection in the APA suggests
that the privileges in § 1835 do not extend to administrative hearings.