*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEPHEN LOUIS THIEL,

Defendant-Appellant.

UNPUBLISHED
December 12, 2025
8:39 AM

No. 373805
Wayne Circuit Court
LC No. 20-000690-01-FH

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of assaulting or obstructing a police officer, MCL 750.479(1)(a). Defendant was sentenced to two years' probation. We affirm.

## I. BACKGROUND

This case arises out of an altercation between defendant and Chief John Alcorn of the Grosse Pointe Police Department. Chief Alcorn was at the Hamtramck courthouse and attempted to serve defendant papers for an alleged violation of a personal protection order. Defendant physically rejected the papers, claiming he could not be served in the courthouse. When Chief Alcorn attempted to complete service outside the courthouse, defendant's refusal to accept the papers became physical.

Defendant was arrested and charged with assaulting or obstructing a police officer under MCL 750.479. During trial, at the close of prosecution's case, defense counsel moved for a directed verdict arguing the prosecution presented insufficient evidence on the lawfulness of Chief Alcorn's actions. After the jury was excused, defense counsel requested a jury instruction explaining defendant's right to resist unlawful police conduct. The trial court denied the motion for directed verdict and the requested jury instruction. The trial court instructed the jury that the prosecution has to establish beyond a reasonable doubt that Chief Alcorn was performing a lawful

act and to consider MCL 600.1835(1) when deciding whether Chief Alcorn's actions were lawful.[1] The jury returned a guilty verdict. Defendant now appeals.

## II. ANALYSIS

Defendant argues this matter should be remanded for a new trial or his conviction should be vacated because: (1) the trial court erroneously denied defendant's motion for a directed verdict; (2) there was insufficient evidence to support the conviction; and (3) the trial court improperly denied his requested jury instruction, depriving him of his constitutional rights to present a defense and for a properly instructed jury. We disagree.

## A. DIRECTED VERDICT AND SUFFICIENCY OF THE EVIDENCE

This Court reviews the denial of a motion for a directed verdict de novo. *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001). In doing so, "this Court reviews the evidence in a light most favorable to the prosecution in order to determine whether a rational trier of fact could

---

[1] The trial court instructed the jury:

The defendant is charged with the crime of assaulting, battering, wounding, resisting, obstructing, opposing, or endangering police officer who was performing his duties. To prove this charge, the prosecutor must prove each of the following elements beyond reasonable doubt:

First, that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered Deputy Chief John Alcorn, who was police officer. battery is forceful, violent, or offensive touching of the person or something closely connected with the person of another.

The touching must have been intended by the defendant, that is, not accidental, and it must have been against Deputy Chief John Alcorn's will. It does not matter whether the touching caused an injury.

Second, that the defendant knew or had reason to know that Deputy Chief John Alcorn was police officer performing his duties at the time.

Third, that Deputy Chief Alcorn was performing lawful act. In determining whether this was lawful act, you may consider the following language:

All persons going to, attending, or returning from any court proceeding, in any action in which their presence is needed, are privileged from service of process if service could not have been made on them had they not gone to, attended, or returned from the proceedings.

have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006) (cleaned up). Challenges to the sufficiency of the evidence are also reviewed de novo. *People v Montague*, 338 Mich App 29, 44; 979 NW2d 406 (2021).

"In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). "[A] reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018) (cleaned up). "It is for the trier of fact, *not the appellate court*, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id*. (cleaned up). Any and all conflicts that arise in the evidence must be resolved "in favor of the prosecution." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018).

"[A] conviction that is not supported by sufficient evidence to prove guilt beyond a reasonable doubt violates due process and cannot stand." *People v Prude*, 513 Mich 377, 384; 15 NW3d 249 (2024); US Const, Ams V and XIV; Const 1963, art 1, § 17. "For a jury to find a defendant guilty of a charged crime, the prosecution must demonstrate that the defendant is guilty of every element of a crime beyond a reasonable doubt." *People v Posey*, 512 Mich 317, 323; 1 NW3d 101 (2023) (citation omitted).

Defendant was charged with assaulting or obstructing a police officer contrary to MCL 750.479, which states in relevant part:

(1) A person shall not knowingly and willfully do any of the following:

(a) Assault, batter, wound, obstruct, or endanger a[n] . . . officer or duly authorized person serving or attempting to serve or execute any process, rule, or order made or issued by lawful authority or otherwise acting in the performance of his or her duties.

\* \* \*

(8) As used in this section:

(a) "Obstruct" includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command.

Defendant contends Chief Alcorn's actions were not lawful because Chief Alcorn violated MCL 600.1835(1) by serving defendant as he was leaving a court proceeding. MCL 600.1835(1) grants a privilege from service of process to "[a]ll persons going to, attending, or returning from, any court proceedings in any action in which their presence is needed. . . ." However, the privilege exists only "if service could not have been made on them had they not gone to, attended, or returned from the proceedings." MCL 600.1835(1). Chief Alcorn was authorized to serve defendant under MCR 2.103(A), which states: "Process in civil actions may be served by any legally competent adult who is not a party or an officer of a corporate party." See also MCL 600.1908(1) ("Process

in civil actions may be served by any person of suitable age and discretion who is not a party nor an officer of a corporate party."). Chief Alcorn testified that police officers often serve "legal documents" the course of their duties. MCL 2.107(C)(2)(a) and MCL 600.1970(2) authorize service of legal documents on a party by "handing [the documents] to the party personally[.]"

MCL 600.1835 "provides a privilege from service of process in a civil suit under certain circumstances." *Moch v Nelsen*, 239 Mich App 681, 683; 609 NW2d 848 (2000). But there is no evidence to support "service could not have been made on [defendant] had [he] not gone to, attended, or returned from the proceedings" on the day in question. Notwithstanding this evidentiary deficiency, a failure to comply with MCL 600.1835(1) does not equate with an illegal action. Rather, a failure to comply with MCL 600.1835(1) could affect personal jurisdiction in the unrelated civil case, where service was required. "Service-of-process rules are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses." *Hill v Frawley*, 155 Mich App 611, 613; 400 NW2d 328 (1986). Defendant cites no authority to support failure to comply with MCL 600.1835(1) per se constitutes a criminal or unlawful act, entitling him to behave in a combative manner to avoid service of process.

The facts in this case are unlike *People v Moreno*, 491 Mich 38, 46-58; 814 NW2d 624 (2012), where the defendant resisted an unlawful arrest after law enforcement unlawfully entered his home. Although defendant argues the prosecution failed to present evidence Chief Alcorn was even aware of MCL 600.1835(1), defendant does not cite authority to support one must be aware of a specific civil statute to be acting lawfully. Defendant's argument is not dispositive.

Because a factual question existed on which reasonable minds could differ, the trial court did not err in denying defendant's motion for directed verdict. Additionally, when viewing the evidence in a light most favorable to the prosecution, the evidence presented at trial was sufficient to sustain defendant's conviction.

## B. JURY INSTRUCTION

Defendant also argues that he is entitled to a new trial or his conviction should be vacated because excluding his request for a right-to-resist jury instruction prejudiced his rights to a properly instructed jury and to present a defense. Because defendant waived this claim, he is not entitled to appellate relief.

Waiver is the "intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (cleaned up). Waiver is distinct from forfeiture where a party merely fails to make a timely assertion of a right. *Id.* "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id.* (cleaned up). "A defendant may waive his or her challenge to jury instructions." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019). "A party's explicit and express approval of jury instructions as given waives any error and precludes appellate review." *People v Spaulding*, 332 Mich App 638, 653; 957 NW2d 843 (2020).

Before the trial court instructed the jury, defense counsel requested an instruction explaining defendant's right to resist a police officer's unlawful conduct. The trial court denied the request, explaining that MCL 600.1835(1) was already included in the instructions to help the

jurors determine what constituted lawful conduct. The trial court stated that the jurors had "to find beyond a reasonable doubt that [Chief Alcorn] was acting in an unlawful manner" and could consider MCL 600.1835(1) in their determination of whether Chief Alcorn's actions were lawful, "[s]o there [was] no need to give the right to resist [instruction] because they already have to prove that there was conduct, and [the defense] already ha[s] that statute in there." The trial court noted that instructions informed the jury that all elements of the offense had to be proven beyond a reasonable doubt and, if the jury determined that Chief Alcorn was acting in an unlawful manner based on the language of MCL 600.1835(1), then the jury would find in defendant's favor. After the trial court instructed the jury, defense counsel expressly and explicitly approved the instructions as given to the jury. Because defense counsel expressly approved the instructions as given, defendant has waived any error. See *Spaulding*, 332 Mich App at 653.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace